[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12892

_____

D.C. Docket No. 5:11-cv-00560-JSM-TBS

MARC PIERRE HALL,

Petitioner - Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 8, 2014)

Before HULL, COX and FARRIS,[*] Circuit Judges.

PER CURIAM:

The Petitioner, Marc Hall, is a federal prisoner currently serving a life sentence. Hall brought this habeas petition under 28 U.S.C. § 2241, contending that United States Penitentiary Coleman ("Coleman") violated the Fifth Amendment by not allowing him to present evidence during prison disciplinary proceedings. The district court dismissed Hall's petition, holding that Hall had not presented any evidence of a Fifth Amendment violation and that the relief Hall sought was not available through a habeas petition. On appeal, Hall contends that the district court erred by failing to consider evidence in the record and by failing to liberally construe his petition as a civil rights claim. (Appellant's Additional Br. at 4–5.)

## I. Facts and Procedural History

At the time of the events giving rise to this suit, Hall was serving a life sentence in the Coleman. According to Hall's petition, Coleman disciplined him for a variety of misconduct. And, during the disciplinary proceedings, Coleman did not allow Hall to present evidence of his mental health conditions. As a result, Hall lost good-time credits and was placed in Coleman's special management unit.

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

Hall brought this suit by filing a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In the petition, Hall contended that Coleman had violated his Fifth Amendment due process rights by not allowing him to present evidence in his defense during the disciplinary proceedings.  For relief, Hall sought expungement of the prison disciplinary proceedings, release from the special management unit, and placement in an alternative mental health facility.  (R. 13 at 2.)  The district court dismissed Hall's petition, holding that he had presented no evidence of a mental health condition.  Alternatively, the court held that the relief Hall sought was not available through a habeas petition.  Hall appeals.

## II. Issues on Appeal

Hall raises two issues on appeal.  First, Hall contends that the district court erred in holding that he presented no evidence of a mental health condition.  Second, Hall contends that the district court erred by failing to liberally construe his pro se habeas corpus petition as a civil rights claim.[1]

## III. Standard of Review

We review de novo a district court's decision to dismiss a petition for a writ of habeas corpus.  *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).

---

[1] Hall originally filed a pro se brief in this appeal.  We subsequently appointed counsel for Hall.  Pursuant to Eleventh Circuit Rule 31-6(a), the brief filed by Hall's appointed counsel replaces his original, pro se brief.

The factual findings underlying the district court's decision are reviewed for clear error. *Id.*

## IV. Discussion

### A. The district court clearly erred by holding that Hall presented no evidence of a mental health condition.

Hall contends that the district court erred by holding that he presented no evidence of a mental health condition. After carefully reviewing the record, we agree that the district court clearly erred in finding that no evidence in the record supported Hall's contention. To the contrary, Hall submitted prison medical records diagnosing him with bipolar disorder, antisocial personality disorder, and a "mood disorder in condition classified elsewhere." (R. 12 at 17.)

### B. The district court should have considered whether Hall's claim was cognizable under any other remedy.

Hall also contends that the district court erred by failing to consider whether the relief he sought was available through another remedy.

A district court should "read pro se briefs liberally to ensure that such litigants do not, through their ignorance of legal terminology, waive claims." *United States v. Hung Thien Ly*, 646 F.3d 1307, 1316 (11th Cir. 2011). We have long held that, when considering filings by a pro se inmate, the court should "look behind the label" and determine whether the filing is cognizable under a different legal approach. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

4

"Prisoners are often unlearned in the law and unfamiliar with the complicated rules of pleading.  Since they act so often as their own counsel in habeas corpus proceedings, we cannot impose on them the same high standards of the legal art which we might place on the members of the legal profession." *Price v. Johnston*, 334 U.S. 266, 292, 68 S. Ct. 1049, 1063 (1948).

As Hall contends, the record does not show that the district court liberally construed his petition.  After holding that Hall's claim was not cognizable in a habeas petition, the district court should have considered whether the relief he sought was available through another remedy.  Hall specifically stated that he was seeking expungement of the prison disciplinary proceedings, release from the special management unit, and placement in an alternative mental health facility as relief—not monetary damages.  (R. 12 at 14; R. 13 at 2.)  The district court should liberally read the filing to determine whether this relief (which does not include monetary damages) is available through a different legal framework.

## V. Conclusion

Accordingly, we vacate the district court's order insofar as it found that Hall presented no evidence of a mental health disorder and dismissed his case.  We remand with instruction for the district court to consider whether the relief Hall seeks is available under a different legal framework.

**VACATED IN PART AND REMANDED WITH INSTRUCTION.**